who sits on the U.S. Court of Appeals for the Sixth Circuit. He's been here many a time, and for good reason, because he's a really good judge, and he has a long and distinguished career. He served in the Navy, was a U.S. attorney, before that graduated from Georgetown University Law Center, was a district court judge, and has been on the Sixth Circuit for a while and seen that honor that you're here with us. You're familiar with our lighting system. When the light hits yellow, that means that your time is about to run, so bring your remarks to a close. If we take you beyond the red light, then don't worry, just keep going as far as we'll take you. And with that, we're ready for our first case, United States v. David Andrew Hunt et al. Ms. Case. Yes, good morning, Your Honor. May it please the court and counsel. When these three cases were first appealed, they raised issues of first impression for this court, whether Alabama robbery qualifies as a violent felony under the Armed Car Criminal Act or a crime of violence under the U.S. sentencing guidelines. The court had consolidated these cases and set them for oral argument. As I think you're well aware, while we were pending oral argument, an inmate with the Bureau of Prisons named Frank Welch mailed in an application to file a second or successive habeas petition under 2255. The main thrust of his argument was that his Alabama assault convictions no longer qualified as violent felonies, but he made a passing reference that he also had an Alabama robbery. And 30 days later, this court issued an order denying his second or successive application and in one sentence said that Alabama robbery in the first degree qualifies under the elements clause of the violent of the Armed Car Criminal Act. And it was that one sentence, not really any analysis, and that three-judge panel decided to whether that order is foreclosing all of our arguments on appeal. I think that the answer is no, not for all of our arguments, and I'd like to go through why. First, I would point out that Frank Welch's case was specific to first degree Alabama robbery. So that is, you know, the highest type of robbery in Alabama. And if you look at the panel's order, they note when they describe his robbery, they include the facts of his robbery. They include that he was armed with a weapon, that he robbed someone of a pistol and a watch, which would be irrelevant facts under the categorical analysis. Then, if you look at that one sentence where the court said it's a violent felony, they include the Alabama robbery statute, but they selectively include parts of it. They only include the part that Alabama robbery can be committed by theft plus use of force or threatened use of force plus for first degree armed with a deadly weapon or substantial physical injury. When the site for Alabama robbery, the court includes use of force, then they delete threatened use of force and put an ellipsis, and then they add back in the part of armed for with a deadly weapon or causes injury. So I think it at least causes confusion about whether the court was saying across the board force in Alabama robbery should qualify. And so I don't think that it should be treated as binding precedent on second and third. Can I ask you a question? Yes. With regards, understanding what you've said about Welch under second and third, don't all of those offenses in Alabama use the same use of force element for second and third? They differ on other elements, but the use of force element, isn't that the same? I would agree that that is the same, but I think that Welch is only, can be persuasive authority, not binding authority. And I it should based on looking to a survey of state law of how the state appellate courts. So in this case, the Alabama Supreme Court has interpreted that force requirement that the court would then discover cases like Saffold, which was cited in some of the briefing and I cited in the supplemental authority. Saffold is a case where it's that lower level of force it's the threatened use of force. I think the opinion in Saffold, it's from the Alabama Court of Criminal Appeals and the Alabama Supreme Court had denied cert. And I'm sure you've probably read it at this point, but it is, embodies, it cites to case law that says under Alabama law, it's based on fear by the victims. It's based on perceptions. I think that why that shouldn't qualify, Judge Jordan, you laid out in your concurrence in United States versus Lee. And I think that Alabama is even a lesser standard than Florida when you look at the case law. The unfortunate part of that is that it didn't gather a majority and it seemed like the Supreme Court didn't even consider that sort of an argument in Stokely. And so if on a broader sort of basis, if all of those qualifiers didn't knock Florida robbery out under the elements clause, what are we to do with Alabama robbery? I don't, so Alabama would still stand on its own because each one is independent based on how the state court has interpreted its own statute. And the state appellate courts can water it down. But to the point about Stokely, I think that Stokely is still, the issue presented on cert was about the level of force and whether overcoming force was enough. And so in Florida robbery, unlike Alabama, you have the four different means of committing it and it's focused on force. If you look at the transcript of the oral argument in Stokely, Justice Gorsuch asks the government attorney, doesn't the putting in fear cause a problem for the government? And the government attorney responded, well, that's not an issue that Mr. Stokely pushed on the cert question. And so I think that is a recognition that it wasn't really argued in the Supreme Court. And when you look at the opinion, the opinion doesn't talk about this in fear alternative means. I think that what happened in Stokely is it was considering a 1997 Florida robbery, which was before Florida had recognized this simple snatching. And the defendant's lawyers really focused on that. I mean, they almost won, it's five to four. But I think that it, Stokely can be read as limited to just the use of force and not the other types of means that for. Does Alabama law make available? Now, Alabama would say the first under third degree robbery, which is incorporated in all of them, would be use of force, which is what I would say that Stokeling is considering. And then it has that second, just threatened use of imminent force, which is an alternative means. Why would not qualify under Stokeling? Because that doesn't require any force. It requires only what Stafford explains is that that subsection can be satisfied where only a victim perceives fear, really. I mean, Stokeling, if you read it closely, doesn't even say that the victim's perceived threat of injury or bodily harm is. The facts are pretty interesting. It's, you know, it's a guy standing outside of a Burger Dairy Queen at 10 o'clock at night and standing near the back door. The owner and employee see him standing in a mask and trench coat. And they, it sounds like from the opinion, he's standing with his back toward them. They pull out a gun and order him to the ground. And the court says, it references that they personally had prior robbery and they just feared it. There's no actual threatening conduct itself by the defendant. And that's important because it has to be a categorical match with the elements clause. The elements clause is clear about the use, attempted use, or threatened use of force. I also think if you look at cases like Leocal from the Supreme Court, when that's interpreting the identical elements clause from 16B of the United States Code, and it says it has to be use of force, it has to be an intentional action by the defendant. Whereas where you're looking at perception-based, it is it's just like a negligent standard and a reasonable person standard when you're looking at just the victims. Under Alabama law, is there a distinction between the first and second and third degree of the robbery? Or does it make a difference in your different cases? Your Honor, I think it can make a difference in whether you say that N. Ray Welch is binding because it's not clear if the portion of first that it's requiring the defendant to be armed. But across the board, I think the force would not qualify when you look at Alabama case law. My time is up, but I'll just end by saying the Saffold case is a first degree robbery case. So in that case, if that force was not enough, it would follow down to second and third. All right, thank you very much. Mr. Krishna. Thank you. May it please the Court, Praveen Krishna for the United States. The Armed Career Criminal Act provides an elements clause that applies to the use of force, attempted use of force, or threatened use of force. And so the central question here is simply, what does force mean? And with respect to Alabama robbery, this Court's decision in N. Ray Welch settles that question both for uses of force and for threatened uses of force under third degree robbery. Third degree robbery under Alabama law is the basic offense that is incorporated in all other degrees of robbery. And this Court in Welch said expressly that first degree robbery involving uses of force is categorically a violent felony because it requires force with the intent to compel or to overcome physical resistance. That's a reference to the force element in third degree robbery. The amount of force required for the use of force under third degree robbery, that's the same as the amount of force that's required for threatened uses of force under third degree robbery. So Welch necessarily means that every form of Alabama robbery involves violent force for the purposes of the elements clause. Now, what is the language of the Alabama third degree robbery statute with regards to force? It says a defendant commits third degree robbery, and I'll just read the portion that discusses force. If he uses force against the person of the owner or any person present with intent to in your view under Alabama law, it has to be an actual use of force, not a threatened use of force? Well, that's subsection A, and then subsection B speaks to threatened uses of force. And my point is that when a Alabama robber uses force, the force referred to in subsection A is the same amount of force as the force referred to in subsection B, which covers threatened uses of force. There's not two different notions of force for Alabama robberies that are completed or attempted and Alabama robberies that are committed by threats. That's the point I'm simply trying to make. And so because there's a unanimity in terms of the meaning of force, Welch speaks to all And if there was any avoidance of doubt, Alabama state courts have said that the force that's required under Alabama robbery is force sufficient to overcome physical resistance. That's exactly the element that was at issue in Stokely. And with respect to Stokely, I think there are two points I'd like to emphasize here. First, Stokely gave great weight to the fact that the elements clause of the ACCA draws its pedigree from common law robbery. Alabama robbery was a common law offense until 1980. And even after 1980, state courts continue to look to pre-1980 cases and to common law authorities to interpret the force element. And so Alabama's force element shares a In addition, the definition of violent force that Stokely adopted, which is violent force is force capable of causing physical pain or injury, that's actually the same definition that this court had previously adopted in United States v. Vail Ballon. And so Stokely instructs that we look only to causing pain or injury. We're not going to look to whether a set of elements is reasonably likely to create any of these things. It's explicit that it does not want to turn the elements clause into another version of the residual clause. And so with that baseline, it's very difficult to distinguish Alabama robbery from Florida robbery. We're not going to get into fine that's been used. Now, we've heard a valiant effort to try and focus on this case of Saffold v. State, but that case on its own doesn't support the propositions that we've just heard because Saffold is explicit that the District, that the Court of Appeals, and let's bear in mind that the Court of Appeals in Saffold was reviewing the sufficiency of the evidence. So it had to look at the evidence in the light most favorable to the State. And it concluded that the facts that were provided showed that the defendant was engaging in conduct that suggested he wanted to ambush restaurant employees. He was hiding in the back of a, he was hiding behind a restaurant in between, I believe, a cooler and some bread racks. He was wearing a trench coat and a mask when it was very warm weather. It appeared that he planned to rob the restaurant. And the Saffold decision says expressly that it appeared that he engaged in a threat to cause physical harm. And if there was any doubt about Saffold, it has been removed by the Alabama Supreme Court's in Warren versus State. That lays to bed the notion that an Alabama robber can commit a robbery simply by putting somebody in a generic sense of fear. In that case, the defendant was convicted of first-degree robbery, and he said that he was wrongly denied a lesser-included instruction on third-degree robbery. He, under his theory of the case, he agreed that he had broken into the victim's home, but he maintained that he was unarmed, and all he did was ask the victim for her car. Any reasonable person who is in his or her home and finds a stranger appearing there asking for your property, that's normally pretty terrifying. But the Alabama Supreme Court in Warren said that those facts would not support a robbery conviction. Robbery under Alabama law requires, or at least for threats, it requires an intent or a threat to cause physical harm. And it is not any different, the standard isn't applied in any way that's different from the standard that was at issue in Stokely. There are no, there are no cases in Alabama that cut against your position? I'm not aware of any. I mean, we've discussed, I think the briefs discussed the Wright case, the Jackson case, and cases where robbers get property by pushing somebody slightly or perhaps knocking somebody off balance. But under Stokely, those are all examples of violent force. What's your best case? Is it Stokely? Our best case is Welch. Okay. But Stokely is a strong second best. I'm happy to answer any further questions this court might have. Otherwise, you've said you're busy and I'm happy to yield my time to this court. Well, you say obviously that Welch controls at least the Alabama robbery issues in this case. And Ms. Case argues that although Welch is binding precedent, it is not binding in all respects about Alabama robbery. Would you like to address that argument? Sure. I would emphasize, and I apologize for not making this clear at the outset, Welch is binding on all degrees of robbery because all degrees of robbery require force sufficient to overcome physical resistance. Every single aspect, every single degree of Alabama robbery requires the same level of force. Welch expressly says that it is finding that Alabama first-degree robbery involving uses of force is a violent felony because it requires force with the intent to overcome physical resistance. That Welch cites the third-degree force element. That sentence and that citation necessarily mean that Welch's reasoning applies equally to every single degree. All right. Thank you very much. Thank you. And I'll follow up on the question again about Welch, and I think that Mr. Krishna's answer to reach it, you have to inject another analytical step that all robberies require the same force in the Welch decision itself. So I think when you're having to take the holding of one case and then look at its application to other state statutes, that's when prior panel precedent rule is specific to, it only applies to the facts and issue before the court in that case. I would say we would have a much weaker argument if N. Ray Welch had been Alabama third-degree robbery because it would have been the least, but because it's the first and that statute differs, I don't think it's necessarily binding on the second and third. But does the statute differ with respect to the amount of force that's required, or does it differ in other ways? The statute does not differ in the amount of force. It's that first-degree adds elements that the defendant be armed with a dangerous weapon or cause physical harm. There is some Alabama case law that recognizes that if someone is armed, they are more at risk of causing injury or fear to someone, which would be another reason that the perception of force could be different for Alabama robbery versus second and third. And I do want to emphasize, too, the idea that a one-line sentence from N. Ray Welch controls this issue that had been first impression from a pro se application for a second or successive petition that was, you know, no counsel, no briefing. It was decided within 30 days, and then it wasn't reviewable because those orders are not reviewable on either petitions of cert or an en banc petition by Mr. Welch or someone who tried to intervene in the case is, I mean, I've seen all the writings in the St. Hubert, and we would still hope that there is a rule change about that because I do want to make the point that it would be, this is a prime example of what can happen when those orders on applications are published and the effects they can have on other cases. I'm sympathetic to your position on that general issue, and I understand the argument that Welch can only go so far as its facts demand, but it seems to me that part of the problem for your clients is that Welch was applying a categorical approach, and that means that it applies all the time unless, I think, you can show some difference in the use of force element between first, second, and third degree robbery in Alabama. I still think the court can take a limited view that, so maybe on first degree robbery of the three consolidated cases, only Mr. Hall has first degree that it would be binding on that. For the second and third, I think the court can narrowly read it. The other option would be that the court can say Welch wasn't following Supreme Court precedents about the analytical analysis that should have happened, which looked at surveyed Alabama state case law, and so that it would be binding on the issue of second, sorry, persuasive on second and third, but when the court does the full analysis that it didn't have time to really consider when it was ruling on that Welch within 30 days, there are examples of force not meeting the standard, and I would point out the questions about use of force. In the Saffold opinion, it cites a case called Cook v. State, and that's also an Alabama case from 1991 where the Alabama Court of Criminal does not require actual force to be to use, sorry, does not require that actual force be used to commit the theft or evidence of a threatened or imminent force is sufficient. The proper inquiry is how the victim reacted to and perceived the threat. So that is articulating what Alabama law is, and in the facts of Saffold, I'm established that it's not a categorical match for using intentionally, attempting to use or threatening use of force. Thank you. All right, thank you very much, Ms. Case. Thank you both. Thank you. Our second case is Barry Andrew Jackson.